UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INDA COLE | CIVIL ACTION |
| VERSUS | NO. 10-728 |
| J. P. MORGAN CHASE AND COMPANY, ETC., ET AL | SECTION "C" (3) |

ORDER AND REASONS

This removed matter comes before the Court on the issue of subject matter jurisdiction in this removed action. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns personal injuries allegedly sustained at a bank owned and operated by the defendants and was removed on the basis of diversity jurisdiction. Although the Court is not persuaded by the defendants' argument that the citizenship of First Commerce Real Estate Corporation, which is non-diverse from the plaintiff, can be disregarded as fraudulent simply because it was bought by another defendant at relevant times, this issue of subject matter jurisdiction can be determined on the basis of the jurisdictional minimum. No proof as to that amount is presented.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681

F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

Based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction. The defendants have not met their burden to show that the jurisdictional amount is facially apparent for present purposes, nor have they made a showing sufficiently particularized to meet their burden. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th day of May, 2010.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE